Paul B. Meadowbrook, P.C.
913 1st Ave. E.
Albany, OR 97321
Tel (541) 791-4544
Fax (541) 791-4710
OSB No. 793226
paul@paulmeadowbrook.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GARRY PITTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. GILMOUR FARM LLC., Oregon limited liability company,<br><br>　　　　Defendant. | No. 6:18-cv-1679<br><br>COMPLAINT<br><br>(FLSA action with supplemental Oregon wage action)<br><br><u>Jury trial demanded</u> |

JURISDICTION AND VENUE

1.　　This is an Fair Labor Standards Act civil action for back wages and liquidated damages, attorney fees and costs, 29 U.S.C. §§ 206 and 207.

2.　　It includes a supplemental Oregon claim for back wages, penalties and, attorney fees and costs under Ore. Rev. Stats. §§ 652.140 and 652.150.

3.　　Plaintiff Garry ("Pitts") at times material to this complaint resided in Linn County, Oregon.

4.　　Defendant J. Gilmour Farm LLC ("Gilmour Farm") is an Oregon limited liability company owned and operated by Johnny Gilmore headquartered at 30396 Walnut Dr. SW in Albany in Linn County.

5.　　Jurisdiction for federal claims is provided by 28 U.S.C. § 1331.

PAGE 1　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　COMPLAINT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Pitts v. J. Gilmour Farm LLC*
Paul B. Paul B. Meadowbrook, P.C. -  Attorney at Law
913 First Avenue E., Albany, OR 97321
Tel (541) 791-4544  -  Fax (541) 791-4710
paul@paulmeadowbrook.com

6. Jurisdiction over supplemental state claims is provided by 28 U.S.C. §1367.

7. Venue is appropriate in the Eugene Division of United States District Court for the District of Oregon under 28 U.S.C. § 1391(b) and LR 3-2.

FIRST CLAIM

(FLSA WAGE CLAIM)

8. Defendants reallege paragraphs 3 and 4.

9. Defendant J. Gilmour Farm LLC ("Gilmour Farm") farms grass hay and seed.

10. In addition its farming operation, Gilmour Farm purchases hay and straw from other farmers and commercial vendors.

11. Gilmour Farm uses farmed and purchased hay and straw for sale in the Far East, including Japan and Korea, by compressing and sometimes adding minerals and other animal feed additives during the compaction process, creating a value-added secondary by-product.

12. The overwhelming majority of hay and straw in the secondary by-product is not farmed by Gilmour Farm but purchased from other farmers and commercial vendors.

13. Gilmour Farm employed Pitts from on or about September 19, 2016 to January 8, 2018.

14. Pitts' job duties included, compressing and sometimes adding minerals and other animal feed additives during the compaction process, creating the value-added secondary by-product.

15. Gilmour Farms employed Pitts an hourly wage of $15 until January 26, 2016, when the hourly rate went to $18.

16. Gilmour Farms paid Pitts only straight time for about 1,450 hours worked in excess of 40 hours in a week, shorting Pitts $10,348.15.

17. Gilmour Farms' actions described in this claim violated 29 U.S.C. §§ 206 and 207.

PAGE 2                                                                                      COMPLAINT
                                                                                 *Pitts v. J. Gilmour Farm LLC*

18. Pitts mentioned the violation to John Gilmour before filing this lawsuit; Gilmour responded bring it on, "this isn't my first rodeo" making the violation willful under 29 U.S.C. § 216, entitling him to $10,348.15 liquidated damages.

19. Pitts incurred attorney fees and costs and is entitled to award by the court of reasonable attorney fee and costs under 28 U.S.C. §§1920 and 1923 and 29 U.S.C. § 216.

## SECOND CLAIM
### (OREGON WAGE CLAIM)

20. Reallege paragraphs 8-16.

21. Gilmour Farms paid Pitts only straight time for about 1,450 hours worked in excess of 40 hours in a week, shorting Pitts $10,348.15.

22. Gilmour Farms' actions described in this claim violated Ore. Rev. Stats. § 652.140.

23. Gilmour Farms is entitled to $10,348.15 penalty wages under Ore. Rev. Stats. § 652.150.

24. Gilmour incurred attorney fees and court costs and is entitled to award by the court of reasonable attorney fees and costs under Ore. Rev. Stats. §§ 652.150 and 652.200.

## PRAYER

Wherefore, Pitts prays for judgment for him and against Gilmour Farms as follows:

1. First Claim: $10,348.15 back wages, $10,348.15 liquidated damages plus reasonable attorney fees and costs determined by the court.

2. Second Claim: $10,348.15 back wages, $10,348.15 penalty wages plus reasonable attorney fees and costs determined by the court.

August 22, 2018

*Paul B. Meadowbrook*
Paul B. Meadowbrook, OSB No. 793226
Attorneys for Plaintiff

PAGE 3                                                                                          COMPLAINT
*Pitts v. J. Gilmour Farm LLC*

Paul B. Paul B. Meadowbrook, P.C. -  Attorney at Law
913 First Avenue E., Albany, OR 97321
Tel (541) 791-4544  -  Fax (541) 791-4710
paul@paulmeadowbrook.com